IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARCUS WADE MONGER,

    Plaintiff,

v.

WAYNE JOHNSON; and UNIT MANAGER
ERIC SMOKES,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-89

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** this Complaint for failure to state a claim and **CLOSE** this cause of action. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND

Plaintiff filed this action contesting certain conditions of his confinement. Specifically, Plaintiff contends that Defendants have violated his rights to due process by placing him in the Tier II Administrative Segregation ("the Tier II Unit"). (Doc. 1, p. 5.) Plaintiff alleges that he was placed in the unit due to his being "improperly classified" as a gang member. Id. Plaintiff states that he was made to appeal his placement by Defendant Johnson, but that appeal was ultimately unsuccessful. (Id. at p. 5–6.) He contends that Defendant Smokes made allegations against Plaintiff which are untrue and which apparently ultimately resulted in Plaintiff remaining in the Tier II Unit. Id. Plaintiff remains in the Tier II Unit. Id.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**DISCUSSION**

As an initial matter, this Court must give deference to prison officials on matters of prison administration and should not meddle in issues such as the contents of a prisoner's file. Courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974)

3

("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman v. State of Ala., 683 F.2d 1312, 1320–21 (11th Cir. 1982) (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available); see also Thornburgh, 490 U.S. at 407–08 ("Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world."); Bell v. Wolfish, 441 U.S. 520, 547 (1979) (acknowledging that courts have "accorded wide-ranging deference [to prison administrators] in adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 129 (1977) ("Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry."); Bradley v. Hart, No. CV513-127, 2015 WL 1032926, at *10 (S.D. Ga. Mar. 9, 2015) ("It does not appear to be appropriate for this Court to order that prison officials remove entries from Plaintiff's file, which may or may not be accurate.").

Further, in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right,

4

privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff alleges that Defendants violated his due process rights by placing him in the Tier II Unit.

## I. Due Process Claims

### A. Procedural due process

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Shaarbay v. Palm Beach Cty. Jail, 350 F. App'x 359, 361 (11th Cir. 2009) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, (1974). Rather, "a disciplinary proceeding, whose outcome will 'impose[ ] atypical and significant hardship on the inmate' must ensure the following due process rights: (1) advance written notice of the claimed violation, (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence in his defense." Asad v. Crosby, 158 F. App'x 166, 173 (11th Cir. 2005) (citing Wolff, 418 U.S. at 563–67).

Plaintiff fails to allege any facts leading to the plausibility that his placement in the Tier II unit was punitive in nature. In fact, on facts similar to the case at hand, this Court has held that an inmate's placement in administrative segregation is a non-punitive action. Bradley v. Hart, No. CV513-127, 2015 WL 1032926, at *5 (S.D. Ga. Mar. 9, 2015), appeal dismissed (July 8,

2015). Additionally, Plaintiff had not alleged that his placement in the Tier II Unit has result in any atypical or significant hardship. Moreover, while Plaintiff's Complaint establishes that he was dissatisfied with the outcome of his process at Ware State Prison, he does not allege any facts to lead to the conclusion that he was denied insufficient process. For all of these reasons, Plaintiff cannot sustain a procedural due process claim against Defendants.

### B. Substantive Due Process

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290–91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In Sandin, the United States Supreme Court addressed whether the punishment inmate Conner received for a disciplinary violation was sufficient to invoke a liberty interest protected by the Due Process Clause. 515 U.S. at 472. Following a disciplinary conviction, Conner received 30 days' disciplinary segregation in a Special Housing Unit. Id. at 475. After noting that the segregation was a form of punishment, the Court concluded that it was not a dramatic departure from the conditions of Conner's indeterminate sentence. Id. at 485. The Supreme Court held there is no right inherent in the Due Process Clause for an inmate not to be placed in disciplinary segregation nor is there a state-created liberty interest to be free from disciplinary

6

segregation. Id. at 487. The Court determined that the conditions of disciplinary segregation at the prison where Conner was incarcerated were virtually indistinguishable from the conditions of administrative segregation and protective custody. Id. at 486. Also, the Court noted that the conditions of disciplinary segregation were not markedly different from the conditions in general population. Id. The Court concluded that the conditions of disciplinary segregation did not impose an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. Thus, the Court determined that Conner was not entitled to due process protection. Id. at 487. The Court observed that this holding was a return to the due process principles of Wolff and Meachum v. Fano, 427 U.S. 215 (1976), which required an inmate to suffer a "grievous loss" before a liberty interest could be found. Id. at 478–83. The Sandin Court ruled that in the future, liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (citations omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 480, 484; see also Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of a constitutionally protected liberty interest).

An inmate, therefore, has a liberty interest related to his confinement in segregation only if the state has created a liberty interest through the nature of the conditions. Sandin, 515 U.S. at 487. To determine whether the state has created a liberty interest, courts must look to the nature of the conditions of the confinement in relation to the ordinary incidents of prison life, rather than to the language of the regulations regarding those conditions. Id. at 484; Wallace v. Hamrick, 229 F. App'x 827, 830 (11th Cir. 2007). Courts should also consider the duration of

the confinement in segregation when determining if the confinement constitutes an atypical and significant hardship. See Al–Amin v. Donald, 165 F. App'x 733, 738 (11th Cir. 2006); see also Williams v. Fountain, 77 F.3d 372, 374 (11th Cir. 1996).

In the present action, Plaintiff has not plausibly alleged that his placement in the Tier II Unit deprives him of a liberty interest inherent in the Constitution. Additionally, Plaintiff fails to state what liberty interest is at stake from his placement in the unit. Moreover, Plaintiff fails to set forth any facts which plausibly could lead to the conclusion that the conditions of the Tier II Unit impose an atypical and significant hardship on him relative to the ordinary incidents of prison life. Thus, Plaintiff's confinement in the Tier II Unit does not deprive him of a constitutional liberty interest or a state-created liberty interest to which due process could attach. In short, Plaintiff fails to set forth facts sufficient to render any substantive due process claim plausible against Defendants.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[1] A certificate of appealablity is not required in this Section 1983 action.

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, this Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim, **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 11th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA