IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARCUS WADE MONGER,

    Plaintiff,

v.

WAYNE JOHNSON; and ERIC SMOKES,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-89

## ORDER

Presently before the Court are the Magistrate Judge's January 11, 2016, Report and Recommendation, (doc. 9), to which Plaintiff has filed Objections, (doc. 12), and Plaintiff's Motion to Amend the Complaint, (doc. 11). Plaintiff's Motion to Amend the Complaint is **GRANTED**. However, after an independent and *de novo* review of the record, including Plaintiff's Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. The Court **DISMISSES** this action and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff contends that Defendants have violated his rights to due process by placing him in the Tier II Administrative Segregation Unit ("the Tier II Unit"). (Doc. 1, p. 5.) Plaintiff alleges that he was placed in the Tier II Unit due to his being "improperly classified" as a gang member. Id.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. (Doc. 9.) The Magistrate Judge concluded that Plaintiff could not state a claim for violation of his procedural due process or substantive due process rights under the Fourteenth Amendment to the United States Constitution. (Id. at pp. 5–8.) Central to the Magistrate Judge's determination was the conclusion that Plaintiff had failed to allege that his placement in the Tier II Unit resulted in an atypical and significant hardship relative to the ordinary incidents of prison life. Id. Consequently, the Magistrate Judge recommended that the Court dismiss this action and deny Plaintiff leave to proceed *in forma pauperis* on appeal. (Id. at p. 9.)

Plaintiff moved to amend his Complaint on January 19, 2016. (Doc. 11.) Plaintiff requested that Warden Stanley Williams be added as a Defendant in this action. (Id. at p. 31.) Additionally, Plaintiff included some of the Georgia Department of Corrections' Standard Operating Procedures, as well as a number of documents pertaining to the various grievances and procedures Plaintiff employed to contest his placement in the Tier II Unit. Id. Plaintiff also restated details of the history of his placement in the Tier II Unit. (Id. atpp. 31–34, 38–40.) In addition, Plaintiff included the affidavit of a fellow inmate averring that Plaintiff's placement in the Tier II Unit is based on false allegations. (Id. at p. 41.)

Plaintiff also filed Objections to the Magistrate Judge's Report and Recommendation on January 28, 2016. (Doc. 12.) Therein, Plaintiff reiterates his arguments that Defendants have denied him due process while continuing to detain him in the Tier II Unit. Id.

## DISCUSSION

### I. Plaintiff's Motion to Amend his Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a). Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."). Accordingly, the fact that the Magistrate Judge has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend and deems the Complaint amended. The Clerk of Court is **DIRECTED** to add Warden Stanley Williams as a Defendant upon the docket of this case. Additionally, the Court has reviewed Plaintiff's Amended Complaint and all documentation attached thereto when assessing whether the Court should adopt the Report and Recommendation of the Magistrate Judge.

### II. Dismissal of the Amended Complaint for Failure to State a Claim

After an independent and *de novo* review of the entire record, including Plaintiff's Amended Complaint and Objections, the Court concurs with the Magistrate Judge that Plaintiff has failed to state a claim for violation of his rights to due process. Plaintiff's Amended Complaint does not remedy the deficiencies noted by the Magistrate Judge. Critically, nowhere in Plaintiff's original Complaint, his Amended Complaint, or his Objections does Plaintiff

plausibly allege that his placement in the Tier II Unit has resulted in an atypical or significant hardship. As explained by the Magistrate Judge, such hardship is a prerequisite for an inmate's procedural due process and a substantive due process claims. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Asad v. Crosby, 158 F. App'x 166, 173 (11th Cir. 2005) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). Consequently, Plaintiff's failure to allege an atypical or significant hardship he has suffered by placement in the Tier II Unit is fatal to his claims. Moreover, Plaintiff's Amended Complaint and Objections bear out that, while he is dissatisfied with the outcome of his process at Ware State Prison, he does not plausibly allege that the process was constitutionally inadequate. Therefore, Plaintiff has failed to state a colorable claim that Defendants denied him adequate due process, and his Complaint, as amended, cannot survive the screening of 28 U.S.C. § 1915A.

## CONCLUSION

For all of the above stated reasons, as well as those stated by the Magistrate Judge in the Report and Recommendation, the Court **DISMISSES** Plaintiff's action against all Defendants. Additionally, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal and to **CLOSE** this case.

**SO ORDERED**, this 8th day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4